In the Matter of the TEMPORARY IN-ABILITY OF GOVERNOR FRANK L. O'BANNON TO DISCHARGE THE DUTIES OF OFFICE.

No. 94S00–0309–MS–406.

Supreme Court of Indiana.

Sept. 10, 2003.

### ORDER

On September 10, 2003, Senator Robert D. Garton, President Pro Tempore of the Senate, and Representative B. Patrick Bauer, the Speaker of the House of Representatives, jointly filed a letter stating that the Governor of Indiana, Frank L. O'Bannon, has suffered a massive stroke and is in a pharmacological coma. They express their great admiration and personal affection for Governor and Mrs. O'Bannon. We and millions of other Hoosiers share those sentiments and have received the news of the Governors illness with sadness.

The letter also states, "Therefore, pursuant to Article 5, Section 10 of the Indiana Constitution, we are filing with the Supreme Court our written statement suggesting that the Governor is unable to discharge the powers and duties of this office, due to his current medical condition." The written statement is accompanied by a supporting document from Governor O'Bannon's physician.

The presenting of this statement by the Speaker and the President Pro Tempore invokes Article 5, Section 10(d) of the Indiana Constitution, which provides as follows:

> Whenever the President pro tempore of the Senate and the Speaker of the House of Representatives file with the Supreme Court a written statement suggesting that the Governor is unable to discharge the powers and duties of his office, the Supreme Court shall meet within forty-eight hours to decide the question and such decision shall be final. Thereafter, whenever the Governor files with the Supreme Court his written declaration that no inability exists, the Supreme Court shall meet within forty-eight hours to decide whether such be the case and such decision shall be final. Upon a decision that no inability exists, the Governor shall resume the powers and duties of his office.

After the statement was filed to invoke our duties under Section 10(d), the Court met to decide the question presented.

Having reviewed the materials provided, we find no basis for doubt or dispute and conclude that the evidence before us demonstrates that the Governor of Indiana is unable to discharge the powers and duties of office and has been unable to do so since 9:30 a.m. on Monday, September 8, 2003. We are informed by those representing Governor O'Bannon that they agree this is so. Accompanying the statement is a letter from Jon Laramore, Chief Counsel to the Governor, stating that Mrs. O'Bannon and the O'Bannon family support the transfer of authority to Lieutenant Governor Kernan.

Our Constitution also provides, "In case the Governor is unable to discharge the powers and duties of his office, the Lieutenant Governor shall discharge the powers and duties of the office as Acting Governor." Ind. Const. art. 5 § 10(a) (in relevant part). We have now made the requisite finding under Section 10(d) that the Governor is "unable to discharge the powers and duties of his office." Therefore, the Lieutenant Governor, Joseph E. Kernan, shall discharge the powers and duties of the office of Governor as Acting Governor in addition to serving as Lieutenant Governor. Of course, Governor Frank L. O'Bannon continues to be Gov-

ernor of Indiana, entitled to the emoluments of that office during the period in which the Lieutenant Governor is serving as Acting Governor. Any official actions taken by the Lieutenant Governor since 9:30 a.m. on Monday, September 8, 2003 are hereby ratified.

DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.